# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| RANDALL GERALD EVANS, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| STEVE UPTON, Warden, | : | CIVIL ACTION NO. |
| Respondent. | : | 2:05-CV-0125-WCO |
| | : | |

**ORDER**

This action is before the Court on Petitioner's challenge to the January 2005 revocation of his release on parole (see Doc. Nos. 3, 6)[1] and Respondent's Motion to Dismiss for Lack of Exhaustion (Doc. No. 24). The matter is also before the court on Petitioner's motion for production (Doc. No. 17), consolidated motion (Doc. No. 18), motion to renew (Doc. Nos. 19, 20 (duplicate filings)), motion to clarify (Doc. No. 22), request to amend (Doc. No. 23), and "oppositions" to Respondent's motion to dismiss (Doc. No. 25).

---

[1] On March 10, 2006, this Court dismissed Petitioner's challenge to his January 13, 1989, Hall County conviction and sentence and denied his challenge to a June 14, 2005, parole letter decision that he is not eligible for parole. (Doc. No. 16.)

**I.     Discussion**

    **A.     Background**

In 1989, Petitioner was convicted of burglary in the Superior Court of Hall County and sentenced to twenty years of imprisonment. (Doc. No. 1, Ex. 1.) The Georgia Board of Pardons and Paroles ("Board") paroled Petitioner in January 1998. (See Doc. No. 1, Ex. 3.) In August 2004, Petitioner's parole was revoked, and on January 18, 2005, following a January 12, 2005, final hearing on whether Petitioner's conditional grant of clemency should be revoked, the Board notified Petitioner that it had determined that he had violated the terms of his release and it had finally revoked his parole. (Doc. No. 1, Ex. 3.) (See also Doc. No. 8, Ex. 9 at 16-17.)

Petitioner sought state habeas corpus relief in the Superior Court of Baldwin County with regard to the revocation of his parole (Evans v. O'Donnell, No. 04-CV-39357), and that court denied relief on March 2, 2005. (Doc. No. 1 at 2; Doc. No. 8, Ex. 9).[2] On March 18, 2005, Petitioner applied to the Georgia Supreme Court for a certificate of probable cause to appeal from that denial, and that application currently

---

[2] Although the state habeas proceedings reflect a 2004 case number, the state habeas court addressed the January 2005 final revocation. (Doc. No. 8, Ex. 9 at 16-17.)

2

is pending. (Id.); Evans v. O'Donnell, No. S05H1071 (Ga. 2005) (available at www.gasupreme.us at "docket").

## B. Federal Claims and Response

Petitioner now challenges in this Court the January 2005 revocation of parole. (Doc. No. 3 at 2-4; Doc. No. 6 at 3-4). In response to this Court's show cause order (Doc. No. 16 at 10), Respondent references Petitioner's pending application for a certificate of probable cause and moves that the instant challenge be dismissed as unexhausted. (Doc. No. 24.)

Petitioner has filed an "oppositions" to Respondent's motion to dismiss and five motions in which he argues, among other things, that he has exhausted his state remedies and/or that such remedies are ineffective. (Doc. Nos. 17, 18, 19, 22, 23, 25 and Doc. No. 20 (duplicate filing).) Petitioner argues that he, "[h]opefully," has exhausted his state remedies in that: (1) he filed a state mandamus action against Milton Buddy Nix[3] that was dismissed based on the determination that "the grounds presented could be better addressed by habeas corpus" and (2) the Georgia Supreme Court has

---

[3] In that mandamus action in the Superior Court of Fulton County, 2005cv105051, Petitioner asserted that he was entitled to parole. (Doc. No. 18, Ex. A.) Nix moved that the petition be dismissed for failure to effect service or state a claim, and the court dismissed the petition. (Id., Ex. B.)

3

dismissed his appeal therefrom. (Doc. No. 19 at 1, 4.) (See also Doc. No. 18 at 1-2 and Ex. B; Doc. No. 25 at 2-5.) Petitioner also states that the state habeas court never issued a written order and the state has only recently submitted a proposed final order to that court and complains regarding the length of time his certificate of probable cause has been pending in the Georgia Supreme Court. (Doc. No. 23 at 2-3.) Petitioner appears to contend that, because his application for a certificate of probable cause has been pending in the Georgia Supreme Court since March 2005, his state remedies are ineffective. (Doc. No. 22 at 3-4.) In the motion to renew, filed before Respondent submitted the response to this Court's show cause order, Petitioner seeks, among other things, default judgment against Respondent. (Doc. Nos. 19, 20).[4]

### C. Law and Resolution

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of "the Constitution or laws or treaties of the United States." 28

---

[4] Otherwise, the above referenced motions and response, along with Petitioner's motion for production (Doc. No. 17), do not present anything relevant to exhaustion and/or the disposition of this action. To the extent Petitioner, in the motion to clarify (Doc. No. 22), seeks reconsideration of this Court's March 10, 2006, Order, he presents no valid basis for further consideration of the matters resolved in that Order.

AO 72A
(Rev. 8/82)

U.S.C. § 2254(a). This power is limited, however, and a district court may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). See also Pope v. Rich, 358 F.3d 852, 853-54 (11th Cir. 2004) (requiring exhaustion in the Georgia Supreme Court of a state habeas decision). State remedies are ineffective when there are "unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." Cook v. Fla. Parole and Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (declining to hold that a delay of three and one-half years was per se unreasonable.)

Petitioner has not exhausted his available state remedies with regard to the January 2005 parole revocation, and his application for a certificate of probable cause to appeal the denial of his state habeas corpus petition remains pending. Contrary to Petitioner's contention, the mandamus petition, which was never properly served against Nix, did not exhaust his state remedies. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989) (holding that exhaustion requires that issues be fairly and properly presented in state court). The undersigned finds nothing in the proceedings discussed

5

above to suggest that the state process is ineffective to protect Petitioner's rights. Accordingly, Respondent's motion to dismiss is due to be granted.

As a final matter, this Court notes that Respondent submitted his response in a timely manner and even if he had not, Petitioner would not be entitled to default judgment in a habeas corpus proceeding. See Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Accordingly, Petitioner's request for default judgment fails.

**IT IS ORDERED** that Respondent's motion to dismiss (Doc. No. 24) is **GRANTED** and the instant challenge (see Doc. Nos. 3, 6) to the January 2005 parole revocation is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's (1) motion to renew (Doc. Nos. 19, 20), to the extent it seeks default judgment against Respondent, and (2) motion to clarify (Doc. No. 22), to the extent it seeks reconsideration of this Court's March 10, 2006, Order, are **DENIED**.

Otherwise, **IT IS ORDERED** that all pending motions, including the motion for production (Doc. No. 17), consolidated motion (Doc. No. 18), motion to renew (Doc. No. 19), motion to clarify (Doc. No. 22), and request to amend (Doc. No. 23) are **DENIED** as moot.

**IT IS SO ORDERED**, this 13th day of April, 2006.

s/William C. O'Kelley
WILLIAM C. O'KELLEY
SENIOR UNITED STATES DISTRICT JUDGE
